IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LARRY L. STULER,<br><br>        Plaintiff,<br><br>    vs.<br><br>UNITED STATES OF AMERICA;<br>INTERNAL REVENUE SERVICE;<br>FEDERAL BUREAU OF PRISONS;<br>D. BLYNN, I.R.S. Revenue<br>Officer; K. EISENBART, I.R.S.<br>Revenue Officer; MARY SOMMA,<br>I.R.S. Custodian of Records;<br>FRANK REVAK, I.R.S. Tax Auditor;<br>JOHN DOE AGENTS of the<br>Internal Revenue Service;<br>COMMISSIONER OF THE INTERNAL<br>REVENUE SERVICE, each in their<br>official and individual<br>capacities; and WILLIAM COHAN,<br>ESQUIRE,<br><br>        Defendants. | Civil Action No. 07-642 |

O R D E R

AND NOW, this 8th day of April, 2008, upon consideration of the Motion to Dismiss Second Amended Complaint (Document No. 21) filed by Defendants United States of America, Internal Revenue Service, Federal Bureau of Prisons, Douglas Blynn, Kathleen Eisenbart, Mary Somma, Frank Revak, John Doe Agents, and the Commissioner of the Internal Revenue Service in the above captioned matter on November 26, 2007, and upon further consideration of Plaintiff's responses thereto (Document Nos. 29 and 30),

1

IT IS HEREBY ORDERED that said Motion is GRANTED and the Second Amended Complaint is dismissed as to each of these Defendants in its entirety.

AND, FURTHER, upon consideration of Defendant William A. Cohan's Motion to Dismiss Second Amended Complaint (Document No. 24) filed in the above captioned matter on December 7, 2007, and upon further consideration of Plaintiff's responses thereto (Document Nos. 29 and 30),

IT IS HEREBY ORDERED that said Motion is GRANTED and the Second Amended Complaint is dismissed as to this Defendant in its entirety.

I.  Background

In this action, Plaintiff, Larry L. Stuler, raises a host of claims regarding his criminal conviction for tax fraud at case number CR 01-35. Specifically, he raises six causes of action: (1) an action for declaratory relief pursuant to the Declaratory Judgment Act; (2) an action for intentional violation of code and/or regulations under 26 U.S.C. § 7433; (3) an action for wrongful levy under 26 U.S.C. § 7426; (4) an action for unjust tax lien pursuant to 26 U.S.C. § 7432 and 28 U.S.C. § 2410; (5) a civil rights action pursuant to 42 U.S.C. §§ 1983 and 1985; and (6) an independent action to invalidate his conviction for fraud on the court. He seeks various forms of declaratory and injunctive relief and damages in excess of 5 million dollars.

Defendants United States of America, Internal Revenue Service, Federal Bureau of Prisons, Douglas Blynn, Kathleen Eisenbart, Mary Somma, Frank Revak, John Doe Agents, and the Commissioner of the Internal Revenue Service (collectively, "Government Defendants") ask this Court to dismiss the Second Amended Complaint ("Complaint" or "Compl.") pursuant to Federal Rules of Civil Procedure 12(b)(1), 12(b)(5), and 12(b)(6). With regard to the motion to dismiss, the Government Defendants make numerous arguments, including: (1) that Plaintiff's claims fail because he cannot use a civil lawsuit to collaterally attack his criminal conviction; (2) that the statute of limitations has expired; (3) that sovereign immunity protects the United States from suit, including against employees in their official capacity; (4) that Plaintiff has failed to state a claim against any of the individual Defendants; (5) that the Court does not have jurisdiction to entertain a suit for declaratory or injunctive relief with regard to IRS collection activities; (6) that Plaintiff has failed to exhaust his administrative remedies with regard to tax refunds; (7) that Plaintiff has failed to exhaust his administrative remedies with regard to his Section 7433 action and that the statute of limitations has expired; (8) that Plaintiff cannot bring a claim for a wrongful levy; (9) that Plaintiff's claims under Sections 7432 and 2410 are barred by sovereign immunity; (10) that Plaintiff has not

stated a claim under Rule 60(b); and (11) that Plaintiff has failed to effectuate proper service of process.

In addition, Defendant William A. Cohan, the only other Defendant,[1] filed a motion asking the Court to dismiss Plaintiff's claims against him pursuant to Rule 12(b)(6) on grounds that the Complaint fails to state a claim against him and that, in any event, the claims are barred by the statute of limitations. He further argues that, should Plaintiff's claims against him be construed to include malpractice claims, these claims would also be time-barred.

While the Court need not address all of the arguments raised by the Defendants in this case, it will address those pertinent to its analysis of the claims in the Complaint below.

II.     Standard

A motion to dismiss for failure to state a claim, filed pursuant to Federal Rule of Civil Procedure 12(b)(6) serves to test the sufficiency of a complaint.[2] See Kost v. Kozakiewicz, 1 F.3d 176, 183 (3d Cir. 1993). When considering a motion to dismiss pursuant to Rule 12(b)(6), the court must accept all allegations within the complaint as true and construe all reasonable factual

---

[1] Mr. Cohan represented Plaintiff in the criminal proceedings at CR 01-35.

[2] The Court notes that since the case can be resolved pursuant to Rule 12(b)(6), it need not address the Government Defendants' 12(b)(1) and 12(b)(5) arguments. In so finding, the Court further notes that motions to dismiss based on grounds of timeliness and exhaustion of remedies are generally more appropriately addressed under Rule 12(b)(6) than under 12(b)(1). See Anjelino v. New York Times Co., 200 F.3d 73, 87 (3d Cir. 1999).

4

inferences in the plaintiff's favor. See Trump Hotels & Casino Resorts, Inc. v. Mirage Resorts Inc., 140 F.3d 478, 483 (3d Cir. 1998); ALA, Inc. v. CCAIR, Inc., 29 F.3d 855, 859 (3d Cir. 1994); Markowitz v. Northeast Land Co, 906 F.2d 100, 103 (3d Cir. 1990). When considering a motion to dismiss, the question before the Court is not whether the plaintiff will ultimately prevail; rather, it is whether the plaintiff can prove any set of facts in support of his claims that would entitle him to relief. See Hishon v. King and Spalding, 467 U.S. 69, 73 (1984). To this end, the defendant bears the burden of showing that no claim has been presented. See Kehr Packages, Inc. v. Fidelcor, Inc., 926 F.2d 1406, 1409 (3d Cir. 1991).

Pursuant to Rule 12(d), if, on a 12(b)(6) motion, matters outside of the pleadings are presented to and not excluded by the Court, the motion must be treated as one for summary judgment under Rule 56. However, there is a narrowly defined category of materials a court can consider without converting a 12(b)(6) motion to one for summary judgment. See In re: Rockefeller Center Properties, Inc. Sec. Litig., 184 F.3d 280, 287 (3d Cir. 1999). This category includes exhibits attached to the complaint, undisputed documents relied upon by the plaintiff, other items appearing in the record of

the case, and matters of public record.[3] See id.; Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1384-85 (3d Cir. 1994).

III.   Discussion

The Court first notes that, as Defendants point out, the Complaint is an obvious attempt by Plaintiff to collaterally attack his criminal conviction at CR 01-35. Indeed, this is just the latest of his many attempts to attack this conviction. Nonetheless, the Court will, pursuant to the above standard, accept all Plaintiff's allegations as true and construe all reasonable factual inferences in his favor. Moreover, the Court is mindful that Plaintiff has brought his Complaint pro se. Pro se pleadings are held to less stringent standards than formal pleadings drafted by lawyers. See Haines v. Kerner, 404 U.S. 519, 520 (1972); Holley v. Department of Veterans Affairs, 165 F.3d 244, 247 (3d Cir. 1999). However, even a pro se plaintiff must be able to prove a "set of facts in support of his claim which would entitle him to relief." Haines, 404 U.S. at 520-21 (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).

   A.   Count One

In Count One of the Complaint, which appears to apply only to Defendant Internal Revenue Service ("IRS"), Plaintiff seeks for the Court to issue a declaratory judgment setting forth his rights

---

[3] The only material outside of the Complaint considered by the Court in this matter is material that is part of the record of CR 01-35, Defendant's related criminal case.

in regard to the payment of taxes and setting forth the limitations of the authority of the IRS. The Court finds that, under the applicable law, this count fails to state a claim upon which this Court may grant relief.

The Court first notes that the Declaratory Judgment Act is not an independent source for federal subject matter jurisdiction. See MIIX Ins. Co. v. Associated Women's Health Specialists, P.C., 2007 WL 4163999, at *8 (D.N.J. Nov. 19, 2007). However, in any event, as the Government Defendants point out, the United States, and the IRS, are immune from declaratory relief with respect to all tax controversies except those pertaining to the classification of organizations. See 28 U.S.C. § 2201(a); Murphy v. IRS, 493 F.3d 170, 174 (D.C. Cir. 2007); Connor v. United States, 2005 WL 3817670 (D. Del. Dec. 13, 2005) (holding that tax exception in Section 2201(a) precluded the court from declaring that the plaintiff was not a taxpayer). It is axiomatic that, "absent a waiver sovereign immunity shields the Federal Government and its agencies from suit." FDIC v. Meyer, 510 U.S. 471, 475 (1994).[4] Any suit against the United States or its agencies, including the IRS, therefore, must be within the boundaries consented to by the United States. Section

---

[4] The Court notes that Plaintiff's arguments that he is not a United States citizen and that sovereign immunity, therefore, does not apply, are patently frivolous. Moreover, Plaintiff's claims that he is neither a citizen nor a taxpayer are legal conclusions given no presumption of truthfulness. See Interfaith Community Org. v. AlliedSignal, Inc., 928 F. Supp. 1339, 1346 (D.N.J. 1996) (citing Papasan v. Allain, 478 U.S. 265, 286 (1986)).

2201(a) makes it clear that the Government has not consented to being sued for declaratory judgment with respect to federal taxes except in limited circumstances not present here.[5]

Accordingly, Count One states no claim upon which relief may be granted and is dismissed as to all Defendants.

B. Counts Two, Three, and Four

At Count Two, Plaintiff alleges that the IRS (and possibly other Government Defendants) intentionally violated Title 28 of the United States Code and/or the regulations promulgated under it in violation of 26 U.S.C. § 7433. Throughout the "Facts Integral to All Grounds" section of the Complaint, Plaintiff sets forth various ways in which he believes the IRS (and possibly other Government Defendants) acted in wanton disregard of Title 26 and the regulations enforcing it. At Count Three, Plaintiff alleges that the IRS (and possibly other Government Defendants) wrongfully levied certain property. He cites 26 U.S.C. § 7426, et al. as the basis for this claim. At Count Four, Plaintiff alleges that the IRS (and possibly other Government Defendants) intentionally violated 26 U.S.C. § 7432 and 28 U.S.C. § 2410 by executing an unjust tax lien against his personal property. Unfortunately for Plaintiff, none of these counts state a claim upon which relief may be granted.

---

[5] Moreover, the declaratory relief sought by Plaintiff goes far beyond whatever actual controversy he may have with the IRS.

Count Two does not state a claim because Plaintiff has failed to allege that he has exhausted his administrative remedies as required under Section 7433. Subsection (d)(1) of that section provides:

> A judgment for damages shall not be awarded under subsection (b) unless the court determines that the plaintiff has exhausted the administrative remedies available to such plaintiff within the Internal Revenue Service.

26 U.S.C. § 7433(d)(1). The Third Circuit has confirmed that failure to exhaust administrative remedies deprives the district court of jurisdiction to consider the claim. See Shearin v. United States, 193 Fed. Appx. 135, 137 (3d Cir. 2006); Venen v. United States, 38 F.3d 100, 102-03 (3d Cir. 1994).

Nowhere in the Complaint does the Plaintiff allege that he has exhausted his administrative remedies. In fact, he implicitly admits that he has not done so in his response to the motions to dismiss. See Document No. 30 at 40. His only counter-argument is that he is neither a taxpayer nor a United States citizen. While these arguments are patently frivolous, they are also irrelevant – if Plaintiff wishes to bring a claim under Section 7433, which he purportedly does, he must exhaust his administrative remedies. He has not done so, nor has he alleged that he has done so.

Count Three actually suffers from the same deficiency. Although Plaintiff purports to bring his action at Count Three under 26 U.S.C. § 7426, that statute actually applies to actions by

9

persons other than taxpayers. Plaintiff's frivolous argument about not being a taxpayer aside, there is no question that the Complaint alleges that the levied property is Plaintiff's. Section 7426(a) provides an action for a wrongful levy by any person "other than the person against whom is assessed the tax out of which such levy arose." Plaintiff's allegations make it clear that he is the person against whom the tax at issue was assessed.

Plaintiff could still bring his claim at Count Three pursuant to Section 7433, but, as in Count Two, Plaintiff has failed to allege that he has exhausted his administrative remedies. In any event, Section 7426 incorporates the exhaustion requirement set forth in Section 7433. Since the Court cannot consider Plaintiff's allegations at Count Three absent an exhaustion of administrative remedies, Plaintiff has not set forth a claim upon which relief may be granted.

Count Four faces similar difficulties. Section 7432 contains the same requirement for the exhaustion of remedies as that contained in Section 7433. Accordingly, since Plaintiff, again, did not plead that he exhausted his administrative remedies, and since, in his response, he has implicitly acknowledged that he has not, he cannot state a claim under Section 7432. See Shearin, 193 Fed. at 137; Venen, 38 F.3d at 102-03.

Of course, Plaintiff also invokes 28 U.S.C. § 2410. However, this statute does not allow Plaintiff to state a cognizable

10

claim at Count Four either. Section 2410 allows certain actions against the United States to quiet title. Courts have held that Section 2410(a) "waived sovereign immunity to a suit which challenges the validity of a federal tax lien and sale so long as the taxpayer refrains from contesting the merits of the underlying tax assessment itself." Robinson v. United States, 920 F.2d 1157, 1159 (3d Cir. 1991). Here, it is obvious that Plaintiff is contesting the merits of the underlying tax assessment, as he contests throughout the Complaint that he owed the tax which was the subject of the lien. See Compl. at Statement of the Case, pp. 2-3; ¶¶ 5.1, 6.1, 6.8. Moreover, the relief he seeks includes an order enjoining the IRS from maintaining the tax lien or from ever re-executing the lien, demonstrating that he is challenging the underlying validity of the assessment. As such, he cannot proceed under Section 2410.

Accordingly, Plaintiff has failed to state a claim upon which relief may be granted as to Counts Two, Three, and Four, and these counts are dismissed as to all Defendants.[6]

C. Count Five

Plaintiff's fifth cause of action is for alleged violations of his civil rights pursuant to 42 U.S.C. §§ 1983 and 1985. He alleges a number of ways throughout the Complaint that his

---

[6] The Court notes that these Counts would also probably be barred by the statutes of limitations contained in Sections 7432 and 7433. However, the Court need not reach that issue here.

11

rights have been violated. This count appears to have raised allegations against all of the Defendants, including Defendant Cohan. Nonetheless, he has failed to state a claim upon which relief may be granted.

First, the Court notes that, since his allegations are aimed at federal officers acting under federal law, Plaintiff's action is not properly raised under Sections 1983 and 1985. See Hindes v. FDIC, 137 F.3d 148, 158 (3d Cir. 1998). Instead, his action is properly raised under Bivens v. Six Unknown Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971).[7] However, it matters not the theory under which Count Five proceeds because either way it is barred by the statute of limitations.

The limitations period for both Section 1983 actions and Bivens actions is Pennsylvania's two-year statute of limitations applicable to personal injury actions under 42 Pa.C.S. § 5524. See Bougher v. University of Pittsburgh, 882 F.2d 74, 78 (3d Cir. 1989); Gordon v. Pugh, 235 Fed. Appx. 51, 53 (3d Cir. 2007); Mishra v. Fox, 197 Fed. Appx. 167, 168 (3d Cir. 2006). The action accrues when the plaintiff knew or should have known of the injury upon which the injury is based. See Samaric Corp. of Delaware, Inc. v. City of Philadelphia, 142 F.3d 582, 599 (3d Cir. 1998). Accordingly, in

---

[7] Federal agencies are not persons subject to liability under Section 1983 or Bivens. See Hindes, 137 F.3d at 158; Meyer, 510 U.S. at 484-86. This is just one of the numerous problems with this count; although the Court need not reach the issue, Count Five would not state a claim against Defendants United States, IRS, and Federal Bureau of Prisons even if it were timely.

order to maintain the claim set forth at Count Five, Plaintiff must have alleged a violation of his rights sometime since May of 2005, or that he neither knew nor should have known about them until that time.

He has not. The official records in CR 01-35 demonstrate that the actions which Plaintiff alleges violated his civil rights all occurred in connection with his conviction and subsequent supervised release in that case. Plaintiff's supervised release ended in December of 2004, and Plaintiff fails to allege any violations of his rights after that time. The latest alleged actions taken by Defendants that could relate to this count are those contained in paragraph 5.16 of the Complaint, where Plaintiff alleges:

> that the defendant(s) wrongfully had issued an Arrest Warrant for the plaintiff, which did not bare the elements of probable cause and which wrongfully extended his term of Federal Supervised Release, used as a method to coerce the plaintiff into signing agreements to turn over more than $500,000.00 as the executor of his wife's estate when she passed.[8]

The docket in CR 01-35 indicates that the arrest warrant at issue was issued on October 4, 2004, and was held in abeyance while the parties attempted to reach an agreement to facilitate the payment of Plaintiff's due and owing taxes. The warrant was withdrawn on December 15, 2004. Plaintiff and his attorneys reached an agreement

---

[8] These allegations are also raised in paragraph 5.18.

with the Government regarding the levied property at issue in October of 2004, as evidenced by an October 27, 2004 letter from Plaintiff's counsel to the Court. This agreement was made so that Plaintiff would not be found to be in violation of the condition of his supervised release requiring him to make arrangements with the IRS for the payment of all outstanding taxes, interest, and penalties determined to be due and owing.

The other conduct of which Plaintiff complains in connection with Count Five happened much earlier. His Thirteenth Amendment claims against the Bureau of Prisons regarding involuntary servitude relate to his time in prison, which ended on October 8, 2003. His allegations regarding the "conspiracy" to deprive him of due process in connection with his criminal case obviously relate to events during the pendency of that case and therefore are also time-barred.

Accordingly, none of the actions alleged by Plaintiff occurred within the limitations period. In fact, Plaintiff does not dispute this in his opposition to Defendants' motions; rather he claims that his independent action has no limitations period. While he is right about that, this does not address Count Five, but, rather, Count Six. Whether or not, then, Plaintiff is abandoning his claims at Count Five is unclear, but, in any event, he does not allege that any of the conduct that allegedly violated his civil rights occurred during the limitations period, nor does he allege

that he neither knew nor should have known about that conduct until that time. Further, there is no indication that equitable tolling is an issue.

The Court further notes that, among the myriad of problems with the allegations contained in Count Five, a 1983 action (and a Bivens action) are barred, regardless of the relief sought, if success in that action would necessarily demonstrate the invalidity of the conviction or sentence. The exception is where the plaintiff can prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or called into question by a federal court's issuance of a writ of habeas corpus. See Heck v. Humprey, 512 U.S. 477 (1994); Wilkinson v. Dotson, 544 U.S. 74 (2005). Plaintiff's criminal conviction stands. Of course, he argues that this is only because of fraud, but, based on the Court's rejection of his fraud claims contained in Count Six, this argument will not avail him.

Therefore, Count Five fails to state a claim upon which this Court may grant relief and is dismissed as to all Defendants.

D. Count Six

The final count of the Complaint raises an independent action alleging fraud on the court pursuant to the savings clause of Federal Rule of Civil Procedure 60(b). Plaintiff seeks, in Count Six, a judgment vacating and setting aside his criminal conviction

at CR 01-35 and expunging all local, state, and federal records which refer to it. He also seeks three million dollars in damages.

Plaintiff is correct in arguing that his claim in Count Six is an independent action and not a motion under Rule 60(b). An independent action alleging fraud on the court is distinct from a motion under Rule 60(b). See Herring v. United States, 424 F.3d 384, 389 (3d Cir. 2005). See also United States v. Beggerly, 524 U.S. 38 (1998). Such an independent action may, as Plaintiff correctly argues, be raised at any time. See United States v. Burke, 193 Fed. Appx. 143, 144 (3d Cir. 2006). While it is unclear whether such an action can be used to circumvent the limitations on collaterally attacking a criminal conviction, see id., the Court will, for purposes of this motion, assume that it can be.

However, fraud on the court must constitute "'the most egregious misconduct directed to the court itself.'" Herring, 424 F.3d at 386-87 (quoting In re Coordinated Pretrial Proceedings in Antibiotic Antitrust Actions, 538 F.2d 180, 195 (8th Cir. 1976)). Examples of such egregious misconduct include bribery of a judge or fabrication of evidence by counsel. See id. at 390. "In order to meet the necessarily demanding standard for proof of fraud on the court . . . there must be: (1) an intentional fraud; (2) by an officer of the court; (3) which is directed at the court itself; and (4) in fact deceives the court." Id. at 386. Moreover, fraud on the court must be pled with particularity. See Fed. R. Civ. P.

9(b); Vance v. United States, 60 Fed. Appx. 236, 239 (10th Cir. 2003); Madonna v. United States, 878 F.2d 62, 66 (2d Cir. 1989).

The allegations in the Complaint fall far short of the particularity requirements of Rule 9(b). The Complaint is riddled with vague and conclusory allegations regarding conspiracies to commit fraud against Plaintiff. See Compl. at Statement of the Case, pp. 2, 3; ¶¶ 5.8, 5.13, 5.22. He makes a few slightly more detailed allegations, such as in paragraphs 5.2 and 5.19, where he alleges that Defendants altered, tampered, and concealed official Government documents, including official documents of the IRS and the Social Security Administration, but these are still far too conclusory to meet the heightened pleading standard for fraud. See Vance, 60 Fed. Appx. at 239 ("Plaintiff's conclusory allegations that a government attorney 'advanced writings which . . . [he] knew were false,' and that the records relied upon were 'fraud fabricated by [the Government],' and that the property was encumbered by 'fraud perpetrated by [the Government] do not satisfy this standard.") (citations omitted).

The only place in the Complaint where Plaintiff comes close to alleging fraud with particularity is in paragraphs 5.9-5.11. Here, he alleges that a 1995 IRS letter that he acknowledges was admitted as part of the record of his case at CR 01-35 was "ignored" and "secreted from the Jury and not made part of the Trial Judge's instructions to the Jury." Compl. at ¶¶ 5.9, 5.11. He

17

further alleges that "the presiding Judge acted with an *appearance* of bias and prejudice towards the plaintiff, who the trial Judge wrongfully considered to be a 'Tax Protestor.'" Id. at ¶ 5.10 (emphasis in original). The fact that the trial judge may have considered him a tax protester, and the fact that a single piece of evidence was not highlighted in the jury instructions does not come close to the type of egregious conduct that would constitute fraud on the court.

The Court notes that, in Plaintiff's reply, he further alleges that "someone" has been systematically tampering with the Third Circuit's docket to prevent them from considering a supplemental brief he filed before the Circuit which is listed on the docket and was part of the record prior to the Circuit's decision in Plaintiff's case. He does not know who did this, but alleges that it must have been "someone with very high security clearance." See Document No. 30 at 2-3. However, as he does not allege that any Defendant in this case is that person, and since his claim is refuted by the record in his criminal case that the brief at issue was, indeed, made part of the record, such a claim has no basis, even if it were spelled out in the Complaint, which it was not. The Plaintiff apparently tries in his responses to further explain his document tampering allegations, but still fails to set forth with any particularity who tampered with the documents, when it happened, or how it was accomplished.

Accordingly, since Plaintiff has failed to set forth his claim for fraud on the court with sufficient particularity (except, possibly, for allegations which do not rise to the level of fraud on the court), he has not stated a claim upon which relief may be granted.

IV. Conclusion

For all of the reasons set forth herein, both the Government Defendants' and Defendant Cohan's motions are granted. Since all claims against all Defendants are dismissed, the Second Amended Complaint is dismissed in its entirety. The Court further notes that Counts One, Five, and Six are dismissed with prejudice. Ordinarily, in a situation as with Counts Two, Three, and Four where the deficiency is a failure to plead an exhaustion of administrative remedies, the Court would allow a plaintiff the option of amending the complaint. However, here, the Complaint has already been amended twice, and, as discussed above, Plaintiff, in his responses to the motions, implicitly admits that he has not exhausted his remedies. Accordingly, these counts will also be dismissed with prejudice.

          s/Alan N. Bloch
          United States District Judge

ecf:  Counsel of record

cc:  Larry L. Stuler
    565 Addison Street
    Washington, PA 15301
    (Forwarded certified mail, return receipt requested; and regular first class mail)